Robert L. Bradford v. Commissioner.
Bradford v. Commissioner
Docket No. 4366.
United States Tax Court
1945 Tax Ct. Memo LEXIS 328; 4 T.C.M. (CCH) 87; T.C.M. (RIA) 45040; January 24, 1945
*328 Robert L. Bradford, pro se. Carl A. Stutsman, Jr., Esq., for the respondent. ARUNDELL
Memorandum Opinion ARUNDELL, Judge: This proceeding was initiated as a result of the determination by the respondent of a deficiency in petitioner's income tax for the year 1941 in the amount of $474.82. The deficiency as determined was based on the disallowance of claimed deductions including a stock loss of $3,499.50. No error is assigned as to these items, but the petitioner now claims in this proceeding the right to deduct as a bad debt the sum of $3,500. This item was not claimed as a deduction by petitioner in his income tax return filed with the collector of internal revenue at Hartford, Connecticut, but it was claimed by him prior to the determination of the present deficiency. [The Facts] The real question is the bona fides of the alleged indebtedness, although the proof of its worthlessness is also in issue. Petitioner was employed by a corporation located in New Haven, Connecticut. He had worked for the company for some time but had only been with them in their present location for one year when the transaction in question occurred. Petitioner was a married man, *329 apparently middle aged and his income during the taxable year was approximately $6,200. This appears to have been the extent of his income in preceding years. There was working for the company as a secretary though not directly for petitioner, a young woman of some 23 or 24 years of age. She was married but not living with her husband and had not been living with him during her period of employment with the company. Because of some office unpleasantness the young woman resigned in December 1940 or the early part of 1941. Petitioner states his acquaintance with her was limited to the office. Shortly after her resignation this young woman secured from petitioner the sum of approximately $3,500. The money was paid over to her in cash and petitioner testified that it was to enable the young woman to start in the business of designing doll patterns to sell through retail stores to the general public. No details as to the new venture were discussed between them and no security was given to petitioner. No discussion was had as to her ability to repay the sum. There was no satisfactory proof that any of the money was used for the purpose for which the loan was said to have been made. Instead *330 it appears that substantially all of the money was used to pay the young woman's hospital, nurses' and doctors' bills incident to an operation for tubal pregnancy. Petitioner produced a signed note reading as follows: "For value received, namely, the sum of three thousand four hundred twenty and 75/100 dollars ($3,420.75), I promise to pay R. L. Bradford, or order, three thousand five hundred and no/100 dollars ($3,500.00) on the first day of July, 1941. "/s/ " The operation left the young woman an invalid unable to work for a living and dependent upon her family for support. In a letter introduced in evidence she advised petitioner that she had no means of paying her note. Petitioner was none too frank in his testimony. He testified that he turned over the money in cash rather than by check because he had no bank account at the time, but it developed he did have a bank account at that time. Petitioner testified he obtained the $3,500 from an office safe where he kept it, but a revenue agent testified petitioner told him he got it out of his lock box, but it developed petitioner had no lock box at the time. Petitioner later testified he did not recall where the money came from. *331 At the conclusion of the testimony the Court had the distinct feeling that the full story incident to this transaction had not been told. It is at least unusual for a man situated as petitioner apparently was to lend so large a sum of money to a young woman whose acquaintance, he would have us believe, was very casual. There was no security given, no effort made by petitioner to see that the money was used for the purpose for which it was said to have been borrowed, but the money was used to defray the expenses for a very delicate operation. It is not necessary that a loan be made strictly as a matter of business as a condition precedent to its deduction when it is found to be uncollectible. It must be shown, however, that there was a loan in fact. The unusualness of this transaction requires more satisfactory evidence than that produced by petitioner. The young woman was not called as a witness nor was there any corroborative evidence offered, such as evidence of the starting of the alleged business adventure, etc. The deduction was not sought in petitioner's income tax return when filed for the year 1941, but comes to light only after there was disallowed a claim stock loss deduction *332 in substantially the same amount. The reason given by petitioner for not seeking the deduction earlier, namely, that he did not want to bring into public gaze matters affecting this young woman, hardly squares with the claim that this was a forthright business transaction. The evidence does not satisfy us that petitioner is entitled to the sought deduction. Decision will be entered for the respondent.